ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| ISRAEL RIVERA NAZARIO Y OTROS<br><br>PETICIONARIOS<br><br>v.<br><br>ROBERTO TORRES GONZÁLEZ Y OTROS<br><br>RECURRIDA | TA2026CE00090 | *Certiori* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso Núm.: PO2022CV02049<br><br>Sobre: Acción Contradictoria de dominio |
| --- | --- | --- |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Ronda Del Toro y la Juez Lotti Rodríguez

Lotti Rodríguez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 17 de febrero de 2026.

Comparece Roberto Torres González (en adelante peticionario o señor Torres González) mediante un recurso de *Certiorari* y nos solicita que revisemos la Resolución emitida por el Tribunal de Primera Instancia, Sala Superior de Ponce (en adelante, TPI o foro primario) el 21 de enero de 2026, mediante la cual se declaró no ha lugar la solicitud de desestimación presentada por este.

Por los fundamentos que exponemos a continuación, expedimos el auto de *Certiorari* y se revoca el dictamen recurrido.

I.

El 28 de julio de 2022 Israel Rivera Nazario, Sara Flores Torres y la sociedad legal de gananciales (en adelante recurridos o matrimonio Rivera-Flores) instaron una Petición sobre expediente de dominio.[1]

---

[1] Entrada núm. 1 Sumac del TPI.

Tras varios trámites procesales, el 14 de abril de 2023, el peticionario presentó una *Oposición y Contestación a Petición.* [2] Negó las afirmaciones de hechos contenidas en la Petición presentada por los recurridos, por falta de conocimiento. Igualmente, alegó que el matrimonio Rivera-Flores ha usurpado parte del terreno que pertenece a su familia y que el plano preparado por el agrimensor está incorrecto y es nulo. Requirió se convirtiera el proceso en uno contradictorio y contencioso.

Posteriormente, el 2 de mayo de 2023, el matrimonio Rivera-Flores presentó una *Réplica a Oposición a Petición* [3] y el 30 de junio de 2023, el foro TPI emitió una Orden donde señaló la vista en su fondo para el 30 de agosto de 2023 e indicó que debía comparecer la parte recurrida y toda persona que alegue tener interés sobre el predio objeto del expediente de dominio.[4]

El 28 de agosto de 2023 se ordenó el Traslado del caso al Tribunal de Primera Instancia, Sala Superior de Ponce. El 8 de diciembre de 2023, el TPI emitió una Resolución y le concedió un término a la parte recurrida para enmendar la demanda a un caso ordinario contencioso con los emplazamientos correspondientes, siendo apercibido de desestimación sin perjuicio.[5]   Es así como, el 9 de enero de 2024, la recurrida presentó una *Moción en Torno a Resolución y Sometiendo Demanda Enmendada.*[6] En cumplimento de orden, el 14 de febrero de 2024, fueron expedidos los emplazamientos para John Doe, Richard Doe y Jane Doe [7]  y el 24 de julio de 2024, el foro primario ordenó al matrimonio Rivera-Flores evidenciar el diligenciamiento de los emplazamientos.[8]

El 8 de octubre de 2024 el matrimonio Rivera-Flores radicó una *Moción en Solicitud de que se Continúen los Procedimientos del Presente Caso y se*

---

[2] Entrada núm. 21 Sumac del TPI.
[3] Entrada núm. 25 Sumac del TPI.
[4] Entrada núm. 37 Sumac del TPI.
[5] Entrada núm. 46 Sumac del TPI.
[6] Entrada núm. 47 Sumac del TPI.
[7] Entradas núm. 50 y 51 Sumac del TPI.
[8] Entrada núm. 52 Sumac del TPI.

*Señale la Correspondiente Vista* [9] y el 18 de noviembre de 2024 una segunda solicitud.[10]

Mediante orden del 4 de diciembre de 2024, el TPI le anotó la rebeldía a Roberto Torres González, John Doe y Richard Doe. Al siguiente día emitió una Orden señalando Vista en Rebeldía para el 16 de enero de 2025. [11]

La parte peticionaria y sus siete (7) hermanos, es decir, Carlos Torres González, Mirtelina Torres González, Néstor Torres González, Pablo Torres González, Fernando Torres González, Evelyn Torres González y Carmen Torres González, comparecieron el 15 de enero de 2025, sin someterse a la jurisdicción, mediante una *Contestación a Demanda.* [12] El 16 de enero de 2025, el foro primario celebró la Vista en Rebeldía. El TPI determinó mantener la anotación de rebeldía y denegó la solicitud de transferencia de vista que había sido presentada por la parte peticionaria.

Posteriormente, el 29 de enero de 2025, notificada el 4 de febrero de 2025, el TPI dictó Sentencia declarando Con Lugar la demanda y, en consecuencia, decretó y dispuso la inscripción del dominio y titularidad de la finca a favor del matrimonio Rivera-Flores y ordenó su inscripción en el Registro de la Propiedad.[13] El 19 de febrero de 2025, el foro primario emitió una Resolución Interlocutoria mediante la cual reconsideró *motu proprio* su dictamen del 29 de enero de 2025 por falta de jurisdicción, por existir partes indispensables en el pleito de una sucesión anunciada de forma tardía en la contestación a la demanda. [14] Además, el foro primario ordenó a la parte recurrida a enmendar la demanda por segunda vez para incluir a dichas partes y emplazarlas a las direcciones incluidas en la moción y así el Tribunal adquirir jurisdicción sobre estas.

---

[9] Entrada núm. 53 Sumac del TPI.
[10] Entrada núm. 55 Sumac del TPI.
[11] Entradas núm. 56 y 57 Sumac del TPI.
[12] Entrada núm. 64 Sumac del TPI
[13] Entrada núm. 67 Sumac del TPI.
[14] Entrada npum. 68 Sumac del TPI.

El 3 de marzo de 2025, la parte recurrida presentó una *Moción de Reconsideración sobre Resolución Interlocutoria* y el 7 de marzo de 2025, el TPI declaró Ha Lugar la solicitud de reconsideración, en consecuencia, sostuvo su Sentencia del 29 de enero de 2025. [15]

Asimismo, el 24 de marzo de 2025, la parte peticionaria y sus hermanos presentaron una *Solicitud de Reconsideración* la cual fue declarada por el foro primario No Ha Lugar.[16] Dicha Resolución Interlocutoria fue notificada a las partes el 27 de marzo de 2025.

En desacuerdo, el 28 de abril de 2025, la parte peticionaria presentó el recurso de apelación al cual se le asignó el alfanumérico KLAN2025000358. En dicho recurso un panel hermano, mediante Sentencia del 16 de junio de 2025, revocó la determinación del TPI y devolvió el caso al foro primario para que se le ordenara al matrimonio Rivera-Flores enmendar la demanda para que fueran incluidos los siete (7) hermanos Torres González como parte en el pleito, por ser estos partes indispensables.

Es así como, el 10 de julio de 2025, la parte recurrida presentó la *Demanda Enmendada* y el 20 de agosto de 2025, luego de haber recibido el mandato del Tribunal de Apelaciones, el TPI aceptó la enmienda a la demanda y ordenó la expedición de los emplazamientos. [17]

Surge de expediente ante nuestra consideración, que el **20 de agosto de 2025,** la Secretaria del Tribunal de Primera Instancia expidió los emplazamientos a: Mirtelina Torres González, Néstor Torres González para ser diligenciados de manera personal y expidió el emplazamiento por edicto de: Pablo Torres González, Fernando Torres González, Evelyn Torres González, Carmen Torres Gonzalez, Carlos Torres González, John Doe y Ricard Roe.

---

[15] Entrada núm. 69 y 70 Sumac del TPI.
[16] Entradas núm. 71, 72 y 73 Sumac del TPI.
[17] Entradas núm. 79 y 84 Sumac del TPI.

La parte recurrida acreditó la publicación del emplazamiento por edicto mediante *Moción infomativa y sobre otros asuntos* presentada el 1 de octubre de 2025 [18] y el TPI tomó conocimiento de lo informado el 2 de octubre de 2025.[19]

Posteriormente, el 29 de octubre de 2025, el matrimonio Rivera-Flores acude al TPI y solicita se expida el emplazamiento dirigido a Carlos Torres González, toda vez que, según estos, el mismo no había sido expedido.[20] El tribunal autoriza lo pedido y el 10 de noviembre de 2025 se expidió el emplazamiento a dicha parte. [21]

El 13 de enero de 2026, el matrimonio Rivera-Flores recurre nuevamente al TPI, mediante *Moción en solicitud de emplazamiento por edicto.*[22] Informa que Néstor Torres González, Mirtelina Torres González y Carlos Torres González no habían podido ser emplazados y pide se le permita que su emplazamiento sea a través de edicto. Acogida la solicitud de la parte recurrida, el 15 de enero de 2026 el TPI ordenó la publicación del edicto y el 16 de enero de 2026 fue expedido el emplazamiento por edicto. [23]

Por otra parte, la parte peticionaria el 19 de enero de 2026 presenta una *Solicitud de reconsideración y para que se desestime el caso de epígrafe al amparo de la Regla 4.3 (C).*[24] En su escrito, alega que, al momento de la solicitud de la parte recurrida, habían transcurrido ciento cincuenta y dos (152) días sin que se hubiesen emplazado a todos los miembros de la sucesión Torres González. Manifestó que la solicitud de la parte recurrida fue realizada cuando ya habían transcurrido los ciento veinte (120) días sin haber diligenciado los emplazamientos personalmente y para solicitar el

---

[18] Entrada núm. 88 Sumac del TPI.
[19] Entrada núm. 89 Sumac del TPI.
[20] Entrada num. 92 Suma del TPI. Sin embargo, del expediente surge que Carlos Torres González fue incluido en el emplazamiento por edicto expedido el 20 de agosto de 2025.
[21] Entradas núm. 93 y 94 Sumac del TPI.
[22] Entrada núm. 97 Sumac del TPI.
[23] Entradas núm. 99 y 100 Sumac del TPI.
[24] Entrada núm. 102 Sumac del TPI.

emplazamiento por edicto conforme lo dispone la Regla 4.3 (C) de Procedimiento Civil.

Asimismo, el 20 de enero de 2026, el TPI emitió una Resolución Interlocutoria en la que declaró No ha lugar la solicitud de desestimación y le otorgó diez (10) a las partes para contestar la demanda. [25]

Inconforme, el 22 de enero de 2026 la parte peticionaria comparece ante nos mediante el recurso de epígrafe y plantea el único señalamiento de error:

> **Erró el Honorable Tribunal de Primera Instancia al extender el término para emplazar de ciento veinte (120) días que dispone la Regla 4.3 (c) de las de Procedimiento Civil sin tener facultad para así hacerlo.**

El 29 de enero de 2026 la parte recurrida presentó su oposición al recurso.

Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

II.

**A. Certiorari**

El recurso de *certiorari* es un mecanismo procesal de carácter discrecional que faculta a un tribunal de mayor jerarquía a revisar las decisiones emitidas por un tribunal inferior. *BPPR v. SLG Gómez-López*, 213 DPR 314, 336 (2023); *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021). "La característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *BPPR v. SLG Gómez-López, supra*, pág. 337; *Rivera et al. v. Arcos Dorados et al., supra*, pág. 209; *IG Builders et. al. v. BBVAPR*, 185 DPR 307, 338 (2012). Esta discreción, se ha definido como una forma de razonabilidad

---

[25] Entrada núm. 103 Sumac del TPI.

aplicada al discernimiento judicial para llegar a una conclusión justiciera. *Pueblo* v. *Rivera Montalvo*, 205 DPR 352, 373 (2020); *Negrón* v. *Srio de Justicia*, 154 DPR 79, 91 (2001). Sin embargo, la discreción para expedir el recurso no es irrestricta, ni autoriza al tribunal a actuar de una forma u otra en abstracción del resto del Derecho. *Pueblo v. Rivera Montalvo*, supra, pág. 372 (citando a *Negrón v. Srio. De Justicia, supra*; *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016)).

Por otra parte, la Regla 52.1 de Procedimiento Civil de 2009, 32 LPRA Ap. V, dispone que el recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el foro primario, solamente será expedido por este Tribunal cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de Procedimiento Civil o de la denegatoria de una moción de carácter dispositivo. Ahora bien, por excepción este foro apelativo podrá revisar órdenes o resoluciones interlocutorias dictadas por el TPI cuando se recurra de: (1) decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales; (2) asuntos relativos a privilegios evidenciarios; (3) anotaciones de rebeldía; (4) casos de relaciones de familia; (5) casos que revistan interés público; (6) o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. En los casos antes mencionados, el foro apelativo no tiene que fundamentar su decisión al denegar la expedición de un recurso de *certiorari*.

Asimismo, con el fin de que podamos ejercer de manera sabia y prudente la facultad discrecional de entender o no en los méritos de los asuntos que nos son planteados mediante el recurso de *certiorari*, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR ___ (2025), R. 40, nos señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de *certiorari*. En lo pertinente, la Regla 40 dispone lo siguiente:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Ahora bien, ninguno de los criterios antes citados es determinante por sí solo y no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 esc. 15 (2005) (citando a H. Sánchez Martínez, *Derecho Procesal Apelativo*, Hato Rey, Lexis-Nexis de Puerto Rico, 2001, pág. 560). Por lo general, los tribunales revisores no intervienen con el manejo de los casos de los tribunales de instancia, salvo que "se demuestre que este último actuó con prejuicio o parcialidad, que hubo un craso abuso de discreción, o que se equivocó en la interpretación o aplicación de alguna norma procesal o de derecho sustantivo". *Rivera y Otros v. Bco. Popular*, 152 DPR 140, 155 (2000) (citando a *Lluch v. España Service Sta.,* 117 DPR 729, 745 (1986)). En tal

sentido, al optar por no expedir el auto solicitado, no se está emitiendo una determinación sobre los méritos del asunto o cuestión planteada, por lo que esta puede ser presentada nuevamente a través del correspondiente recurso de apelación. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).

### B. El emplazamiento

El emplazamiento es el mecanismo procesal que viabiliza jurisdicción judicial sobre la parte demandada. *Rivera Marrero* v. *Santiago Martínez*, 203 DPR 462, 480 (2019); *Rivera* v. *Jaume*, 157 DPR 562, 575 (2002). Dicha notificación es esencial para que el tribunal pueda adquirir jurisdicción sobre la persona demandada, quedando está sujeta al dictamen que en su día recaiga. *Rivera Marrero v. Santiago Martínez, supra*; *Bernier González v. Rodríguez Becerra*, 200 DPR 637, 644 (2018); *Márquez v. Barreto*, 143 DPR 137, 142 (1997). Así pues, en nuestro ordenamiento jurídico existe una política pública que exige el emplazamiento y la notificación adecuada de la parte demandada, con el propósito de prevenir el fraude y asegurar el cumplimiento con el debido proceso de ley. *Rivera Marrero* v. *Santiago Martínez, supra*; *First Bank of P.R. v. Inmob. Nac., Inc.*, 144 DPR 901, 916 (2005).

La Regla 4.3(c) de Procedimiento Civil, 32 LPRA Ap. V, requiere que el emplazamiento sea diligenciado dentro del término de 120 días a partir de la presentación de la demanda o la fecha de expedición del emplazamiento por edicto. En *Bernier González v. Rodríguez Becerra,* 200 DPR 637, 649 (2018), el Tribunal Supremo de Puerto Rico resolvió que el término de 120 días para emplazar, además de ser improrrogable, comienza a transcurrir únicamente en el momento que la Secretaria del Tribunal expide el emplazamiento, ya sea que tal expedición ocurra *motu proprio* o ante una solicitud de la parte demandante. Dicho término de 120 días para diligenciar un emplazamiento comenzará a trascurrir, sin ninguna otra condición o requisito, una vez la Secretaría del tribunal expida el emplazamiento. *Pérez Quiles v. Santiago*

*Cintrón,* 206 DPR 379, 385 (2021). En *Sánchez Ruiz v. Higuera Pérez,* 203 DPR 982 (2020), el Tribunal Supremo estableció que el término para realizar un emplazamiento por edictos, una vez se intentó emplazar personalmente sin éxito, comienza a decursar desde que se expide el correspondiente emplazamiento. Ante incumplimiento con el término de 120 días para diligenciar los emplazamientos, los tribunales están obligados a dictar una sentencia en la cual decreten la desestimación. *Ross Valedón v. Hosp. Dr. Susoni et al.,* 213 DPR 481,488 (2024).

### III.

Conforme lo antes expresado, la parte peticionaria recurre de la denegatoria del TPI a desestimar la demanda por falta de emplazamiento a la parte demandada. Según surge del expediente, el 16 de junio de 2025, un panel hermano de este Tribunal de Apelaciones, en el caso KLAN202500358 revocó una Sentencia en rebeldía emitida por el foro primario y ordenó la enmienda a la demanda para que se incluyera como parte a los siete (7) hermanos Torres González, por ser este parte indispensable.

A esos efectos, el 10 de julio de 2025, la parte recurrida presentó la *Demanda Enmendada* y el 20 de agosto de 2025, luego de haber recibido el mandato del Tribunal de Apelaciones, el TPI aceptó la enmienda a la demanda y ordenó la expedición de los emplazamientos.[26] La Secretaria del Tribunal de Primera Instancia expidió el **20 de agosto de 2025** los emplazamientos a: Mirtelina Torres González, Néstor Torres González y expidió el emplazamiento por edicto de: Pablo Torres González, Fernando Torres González, Evelyn Torres González, Carmen Torres Gonzalez, Carlos Torres González, John Doe y Ricard Roe. La parte recurrida acreditó la publicación del emplazamiento por edicto mediante Moción informativa y sobre otros asuntos presentada el 1 de octubre de 2025. Surge del expediente que Carlos Torres González fue

---

[26] Entradas núm. 79 y 84 Sumac del TPI.

incluido en el emplazamiento por edicto que se expidió el 20 de agosto de 2025 y que fue publicado y evidenciado.

El 18 de diciembre de 2025 se cumplieron los ciento veinte (120) días para emplazar a Néstor Torres González, Mirtelina Torres González. En su consecuencia, la solicitud del matrimonio Rivera-Flores del 13 de enero de 2026 para emplazar por edicto a los codemandados Néstor Torres González y Mirtelina Torres González, fue realizada ciento cuarenta y seis (146) días luego de haberse expedido los emplazamientos de Néstor Torres González, Mirtelina Torres González. Ante ello, el TPI no tenía facultad para autorizar la expedición del emplazamiento fuera del término de 120 días.

IV.

Por los fundamentos antes expuestos, se expide el auto de *certiorari* y se desestima la Demanda en contra de Néstor Torres González y Mirtelina Torres González por falta de emplazamiento.

Notifíquese.

La Juez Grana Martínez disiente sin escrito.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones